UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 19-cr-20320
    District Judge Paul D. Borman

CARLETON McCLENDON,

    Defendant.
_____/

**ORDER DENYING DEFENDANT CARLETON McCLENDON'S RENEWED MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) (ECF NO. 35)**

## BACKGROUND

On August 14, 2020 Defendant Carleton McClendon filed a Renewed Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 35.) On September 4, 2020 the Government filed a Response in Opposition. (ECF No. 36.) On September 17, 2020, the Defendant field a Reply. (ECF No. 37.)

Defendant, who is 43 years old, and incarcerated at FCI-Elkton, contends that it is "one of the most dangerous U.S. federal prisons. As of August 10, 2020, the Bureau of Prisons reported 993 total cases at Elkton (46% of inmates) with 955 listed as 'recovered, 53 staff have contracted the disease with 51 of those listed as recovered.'" (ECF No. 35, Page ID 273.) [Per BOP, as of September 18, 2020, FCI-Elkton had one prisoner positive with COVID-19, 954 recovered, two staff

1

positives, and nine deaths.] Defendant contends that because he is being incarcerated at FCI-Elkton, his exposure to COVID-19 is enormous.

In Footnote 2, Defendant contends that his mother and brother have Thalassemia, a genetic blood disease: he has not been tested for it. Defendant contends that combined with his age, race, and his potential for Thalassemia, this puts him at high risk of illness from the COVID-19 virus, and supports his request "that after considering the applicable factors in 3553(a), this Court [should] reduce his sentence to time served and order his release to home confinement," or alternatively recommend home confinement under 18 U.S.C. § 3624(c)(2) as extended by the CARES Act § 12003(b)(2).

Defendant notes that he was convicted of being a felon in possession of a firearm when officers observed a handgun in his pocket while he was sitting in his car. Defendant notes that he was granted bond pre-trial, had no violations, and that the Court imposed a 37-month below-Guidelines sentence. His release date from prison is August 31, 2022. (ECF No. 35 at Page ID 274-275.)

Defendant also contends that his medical record at the BOP has diagnosed him as "borderline anemic." (Exhibit 1, Medical Record 2.)

Defendant contends that the conditions at FCI-Elkton qualify as an "extraordinary and compelling reason" to release him. Defendant is 43 years old.

Prior to the instant sentence, "Mr. McClendon had been incarcerated for a total of eight years (PSR ¶¶ 32-33, 52, 53, 54)." (*Id*. at Page ID 286.)

Defendant further contends that he has rehabilitated himself--no BOP infractions, and works as a unit orderly. (*Id*. at Page ID 288.) He has presented a release plan to be with his family; his wife, his mother, and his brother. (*Id*.)

The Government Response opposing Defendant's Motion notes initially that prior to the instant firearm offense, Defendant McClendon had been convicted of violent crimes, including armed robbery and domestic violence. (ECF No. 36, Page ID 384.) The instant offense was possession of a loaded semi-automatic handgun, with an obliterated serial number. (*Id*.)

Defendant began serving his sentence on January 21, 2020. Defendant has served only eight months, less than 25 percent of his 37-month sentence. (*Id*.)

The Government asserts that McClendon is:

> Not eligible for release under U.S.S.G. § 1B1.13(2) because his offense and criminal history, including violent and dangerous crimes, makes him a danger to the community. And the § 3553(a) factors--which the Court must also consider under § 3582(c)(1)(A)--likewise do not support release because his criminal history shows a consistent disrespect for the law and dangerousness to society.

(*Id*. at Page ID 385.)

The Government notes that the Sixth Circuit Opinion in *Wilson v. Williams*, 961 F.3d 829, 833, 840 (6th Cir. 2020), which pointed out that "the BOP has

3

responded reasonably to the known, serious risk posed by COVID-19 to petitioners at Elkton." The decision added: "The BOP's steps to prevent and mitigate COVID-19 spreads at Elkton are likely reasonable responses to this serious risk." (*Id.* at Page ID 844.)

The Government noted that Defendant's criminal history, set forth in his Presentence Report (PSR) included, among others:

- A 1999 conviction for armed robbery (PSR ¶ 33)
- A 2009 conviction for domestic violence, where McClendon struck the victim in the face and kicked her in the head (PSR ¶ 37)
- A 2010 conviction for possession of controlled substances (PSR ¶ 44), and
- A 2013 conviction for assaulting/resisting/obstructing a police officer (PSR ¶ 52)

(ECF No. 36 at Page ID 387.)

The Government notes that Defendant McClendon is 43 years old, with no underlying medical conditions, despite his claim that he has a struggling health/immune system. The Government notes that McClendon "originally denied any health issues to the Probation Department (PSR ¶ 78), and at his initial screening at BOP (BOP Health Screen) (Attached as Exhibit A)." (ECF No. 36 at Page ID 388.)

The Government also notes that a defendant must show extraordinary and compelling reasons for compassionate release, and release must be consistent with

4

the Sentence Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). (*Id*. at

Page ID 396.) Further he must "not [be] a danger to the safety of any other person

or to the community." U.S.S.G. § 1B1.13(2).

 The Government notes:

> Even if a defendant is eligible for compassionate release, a district court may not grant a motion unless the factors in 18 U.S.C. § 3553(a) support release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. As at sentencing, those factors require the Court to consider the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, and the protection of the public, 18 U.S.C. § 3553(a).

(ECF No. 36 at Page ID 397.)

 As to Defendant's claim that he might suffer from Thalassemia because

others in his family have that condition, the Government contends that Defendant

is asking the Court to speculate, and that this does not warrant consideration. (*Id*. at

Page ID 404.)

 The Government notes that Defendant "has been tested for COVID-19 no

less than three times as part of asymptomatic and/or mass testing: on May 23,

2020; June 29, 2020; and July 6, 2020. [BOP clinical encounters, attached as

Exhibit F]." (*Id*. at Page ID 405.) No COVID positives.

 The Government contends that because Defendant's Renewed Motion for

Compassionate Release raises additional new grounds not raised in his Motion (age

5

and race), and not raised in his BOP administrative request, which the BOP rejected, he "has not exhausted his request for compassionate release." (*Id*. at Page ID 388.) The Court rejects this argument, and concludes that the BOP warden's initial denial satisfies the exhaustion requirement contained in 18 U.S.C. § 3582(c)(1)(A).

The Government sets forth in specifics why Defendant is a serious danger to the community, and concludes that Defendant is ineligible for compassionate release because he is a danger to the community. (*Id*. at Page ID 405.)-- "Dangerousness alone is a per se bar to release under U.S.S.G. § 1B1.13(2)." (*Id*. at Page ID 406.)

Defendant's Reply, filed through counsel, incorporates McClendon's personal response, contending that "he has the blood disorder Thalassemia, but has not been able to get the BOP medial staff to test him for this." (ECF No. 37, Page ID 431.) Defendant also contends that he does respect the law as evidenced by the Magistrate Judge having released him on bond with a tether prior to conviction, that he was on bond for nine months with no violations, and was granted voluntary surrender to the designated institution.

Defendant further contends that FCI-Elkton has not acted to combat COVID-19, citing District Judge Gwin's opinion in *Wilson v. Williams* (which was overruled by the Sixth Circuit, as noted *supra* at page 4). Defendant also reasserts

6

(ECF No. 35) that the following "extraordinary and compelling [medical] reasons" support his release: anemia, weight gain (BMI), stress, and race.

## DISCUSSION

The Court notes that a defendant seeking compassionate release must satisfy the conditions set forth by Congress and the U.S. Sentencing Commission in order to be considered for release. These conditions emphasize that, to be released, defendant must not be a danger to the community. Congress has set forth that precondition in the 18 U.S.C. § 3553(a) factors referenced in 18 U.S.C. § 3582(c)(1)(A), and the Sentencing Commission has set forth that same condition in Guideline § 1B1.13(2).

That requirement/condition--that, if released, he not be a danger to the community--is not satisfied in Defendant McClendon's case. His Presentence Report (PSR), prepared in September 2019, contained the following language:

> Page 4, ¶ 10:  The firearm he possessed on March 28, 2019, an automatic .380 caliber Ruger contained an extended magazine; the firearm's serial number had been filed off.
>
> Pages 7-8, ¶ 32:  Sets forth his 1999 conviction for delivery of narcotics (Marijuana, and resisting and obstructing a police officer). In the trunk of his car was property from an earlier robbery.
>
> Pages 8-9, ¶ 33:  His 1999 conviction for an armed robbery for which he received a sentence of 84-240

>months custody. While in custody McClendon incurred 10 misconduct violations.
>
>Page 10, ¶ 37: A 2008 domestic violence conviction when he broke into the victim's motel room, threw her to the floor, struck her in the face, and then kicked her in the head.
>
>Page 15, ¶ 52: Fraudulent use of a credit card, and assaulting/resisting/obstructing a police officer.
>
>Page 17, ¶ 54: Using a fraudulent credit card.
>
>Page 18, ¶ 55: Using a fraudulent credit card in the name of Carlos Edward.

This above-noted misconduct placed Defendant in the PSR's criminal history category VI--the highest level.

As to the Defendant's medical situation, the PSR, written in late 2019, noted at page 22, ¶ 78, that McClendon advised he is healthy and has no history of health problems, and is not taking any medications at this time. The Defendant is young-- age 43. The Court notes that he is an African American, but finds that this does not provide an "extraordinary and compelling" reason for release because the Court concludes that he is healthy. The Court notes his statement of no health issues during his presentence interview about one year ago, casts doubt on his present medical claims. His BOP intake screen on January 21, 2020, which states in pertinent part--Hypertension-denied; Respiratory-denied--also casts doubt on the validity of his present medical claims. (ECF NO. 36-2 at Page ID 414.)

The Court concludes that Defendant's criminal history, which must be considered under the § 3553(a) factors, along with his conduct in the instant case, a semi-automatic pistol with an obliterated serial number, establishes a history of violent criminal behavior that supports the conclusion that releasing him, would seriously endanger the safety of the community.

Proceeding through the 3553(a) factors, the Court concludes:

(1) The nature and circumstances of this offense are serious; a rapid-fire pistol with no serial number. Defendant's criminal history and his characteristics evidence a significant likelihood of recidivism of dangerous criminal behavior.

(2) The Defendant has served less than 25 percent of his 37-month sentence--there is a need for that sentence to be significantly served to promote respect for the law, to provide just punishment to Defendant, and to deter others from engaging in such criminal conduct.

The Court notes that a recent Sixth Circuit decision, *United States v. Kinkaid,* 805 F. App'x 394, 395-396 (6th Cir. 2020) approves of a court's consideration of the percentage of time served in its required discussion of these § 3553(a) factors:

> District courts routinely weigh whether a certain amount of time served is "sufficient, but not greater than necessary" to serve § 3553(a)'s purposes. That's what happens at sentencing. A district court may use that same calculus when deciding whether to grant a motion for compassionate release.

9

## CONCLUSION

Accordingly, for the reasons discussed above, the Court DENIES Defendant's Motion for Compassionate Release concluding that if released he would be a serious danger to the safety of the community.

SO ORDERED.

DATED:  September 22, 2020    s/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE